NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3356

SANDRA J. ROBERTS,

Petitioner,

v.

DEPARTMENT OF COMMERCE,

Respondent.

Sandra J. Roberts, of Honolulu, Hawaii, pro se.

Allison Kidd-Miller, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Jeanne E. Davidson, Deputy Director. Of counsel was Bryant G. Snee, Assistant Director. Of counsel on the brief was William J. Monahan, Attorney, Office of General Counsel, Bureau of Census, United States Department of Commerce, of Washington, DC.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3356

SANDRA J. ROBERTS,

Petitioner,

v.

DEPARTMENT OF COMMERCE,

Respondent.

_____

DECIDED: March 5, 2007

_____

Before NEWMAN, RADER, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Ms. Sandra Roberts seeks review of the decision of the Merit Systems Protections Board affirming her removal from employment by the Bureau of the Census.[1] Ms. Roberts states that the Board overlooked certain factual and evidentiary issues and applied the incorrect statute, and that the totality of facts and the application of the correct statute do

---

1    <u>Roberts v. Dep't of Commerce</u>, No. SF0752050605-I-1 (M.S.P.B., June 21, 2006).

not support the removal action. On review of the issues and arguments, we <u>affirm</u> the Board's decision.

## DISCUSSION

Ms. Roberts was employed in the excepted service as a Field Representative in the Los Angeles Regional Office of the Census Bureau of the Department of Commerce, with an intermittent schedule. She was assigned to work on the American Community Survey (ACS) and Demographic Area Address Listing (DAAL) in Honolulu, Hawaii. Field Representatives who are conducting the ACS are provided with a confidential list of addresses and interview survey questions, and are required to go to the listed addresses and interview the respondents using the survey questions. A Field Representative is expected to conduct each monthly ACS survey in the month of issuance, and is required to transmit certain percentages of completed work results to the Census Bureau headquarters on the 7th, 14th, and 21st of the month.

Four employment issues were the basis of the four counts of the agency's removal action. Count one was based on Ms. Roberts' failure to provide her current street address to her supervisors so that the agency could send equipment and confidential work assignments to a valid street address. The agency charged Ms. Roberts with "failure to follow supervisory directives" for her failure to provide her current address. This charge was sustained by the Board, as a reasonable and necessary requirement. On this appeal Ms. Roberts argues that she could not follow the directive concerning her address because her second level supervisor Ms. Julie Lam Ly failed to give her such a directive. The Board found that even if Ms. Lam Ly did not explicitly order Ms. Roberts to provide her street address, this directive was communicated by her first level supervisor Ms. Mai Nguyen at

2006-3356                                        2

Ms. Lam Ly's direction. Ms. Roberts does not dispute that this directive was communicated by her first level supervisor, and that she failed to follow it. The Board's finding as to count one must be sustained.

On count two, the agency charged Ms. Roberts with "failure to follow interview procedures" because for a certain facility, Ms. Roberts completed the assignment without having interviewed the respondents at that facility. The Board found in favor of Ms. Roberts on this count, reasoning that although Ms. Roberts did not interview these respondents, the agency did not carry its burden of showing that interview procedures were violated.

The third charge was that Ms. Roberts did not meet the agency's required weekly ACS transmittal rates over a three-month period. Ms. Roberts does not dispute that she did not meet these requirements. She instead argues that the Board erred by applying 5 U.S.C. §7501 et seq. (Chapter 75) rather than 5 U.S.C. §4301 et seq. (Chapter 43) to this count, and that the Board should have analyzed count three based on the "poor performance of a particular duty" standard of Chapter 43. She argues that Chapter 75, which states that an adverse personnel action can be taken "only for such cause as will promote the efficiency of the service," requires persistent employee failure to meet expectations. However, as explained in Guillebeau v. Dep't of the Navy, 362 F.3d 1329 (Fed. Cir. 2004), Chapter 75 does not prohibit reliance on performance standards to show that the employee has not met the agency's requirements. The Board did not err by analyzing the undisputed facts under Chapter 75; substantial evidence supported the finding of failure of compliance.

The fourth charge was based on an event at the Honolulu Municipal Building, where Ms. Roberts refused to adhere to building security requirements, leading to the agency's

charge of "conduct unbecoming a federal employee." The Board found that Ms. Roberts acted unprofessionally when she refused to follow the procedure required by the security personnel, and that Ms. Roberts' confrontation with the security guard was improper and unsuitable for a federal employee. Ms. Roberts does not dispute that she refused to follow the procedure, requested by security personnel, that she surrender a recognized government identification in order to obtain a pass to enter the Municipal Building. Her behavior was described as "ranting" and "raving" by the security guard. Ms. Roberts states that the incident was "devoid of conflict" and does not constitute "conduct unbecoming." The Board ruled that "[e]ven assuming, without deciding, that the building's policy was not reasonable, that the appellant had the right to object to it to the guards, and that she was given no alternative to surrendering her identification, her behavior as described by Ogawa was not justified or reasonable under the circumstances." Ms. Roberts argues that the Board erred by refusing to consider evidence to show that the incident was civil and devoid of conflict, including a letter from Mr. Ogawa's supervisor and the findings of an unemployment hearing officer. The Board held that Ms. Roberts had not provided a reasonable explanation as to why these documents were not presented or could not have been presented at the hearing before the administrative judge. We conclude that the Board did not abuse its discretion in declining to reopen the appeal in order to receive this proffered evidence.

The Board found that Ms. Roberts' job as a Field Representative involved public contact, and that her conduct at the Municipal Building indicated that she could not be relied upon to act in a professional manner and to protect the agency's image. We

conclude that the Board's findings were supported by substantial evidence, and must be sustained.

Ms. Roberts also raises various procedural and due process issues. We have reviewed her arguments, and discern no reversible error in the Board's procedures and in the analysis by the administrative judge.

The Board found that the criteria for removal under Chapter 75 were met, in that the agency had shown that the charged conduct in counts one, three and four occurred, that there is a nexus between the charged conduct and the efficiency of the service, and that the penalty was appropriate to the circumstances. Ms. Roberts has not shown that the Board's decision was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise not in accordance with law. The decision must be affirmed.

No costs.